**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ECHARGE LICENSING LLC )<br>)<br>Plaintiff, )<br>) Civil Action No. _____<br>vs. )<br>) **JURY TRIAL DEMANDED**<br>SQUARE, INC. )<br>)<br>Defendant. ) | |

### COMPLAINT FOR PATENT INFRINGMENT

Plaintiff eCharge Licensing LLC ("eCharge") complains of defendant Square, Inc. ("Square") as follows:

### THE PARTIES

1. Plaintiff eCharge is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 250, Northbrook, Illinois. eCharge is the exclusive licensee and holder of all substantial rights to U.S. Patent Numbers 6,764,005, 7,828,207 and 8,490,875, referred to below collectively as the "eCharge Patents," as well as all substantial rights under the published application relating to the '875 patent (U.S. Pub. No. 2011/0028184). eCharge has standing to sue for infringement of the eCharge Patents, and for equitable remuneration for the use of rights claimed in the '184 Publication. The inventor of the eCharge Patents is a principal of the company that granted eCharge its exclusive license. The inventor benefits financially from successful licensing of the eCharge Patents.

2. Defendant Square is a Delaware corporation having a principal place of business in San Francisco, California. Square provides its customers the Square Wallet

application, aspects of which eCharge contends infringe the eCharge Patents and the '184 Publication claims as alleged below. The Square Wallet application runs on consumers' smart phones and like devices (such as the Apple iPhone and Android-equipped phones).

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

4. Square has regularly engaged in business in the State of Illinois and purposely availed itself of the privilege of conducting business in the State of Illinois and this judicial district, for example, by providing its customers in this judicial district with the Square Wallet application. Square also facilitates the use of Square Wallet through registration of Illinois merchants to accept payment through the use of Square Wallet, and through delivery of mobile credit card reading devices to Illinois Square-registered merchants. As part of its business, Square also provides its customers money transmission services within the State of Illinois, such that it requires a license as a money transmitter from the Illinois Department of Financial and Professional Regulation, Division of Financial Institutions. Square has not obtained such license, and as such, does business in violation of Illinois law. Square is currently subject to, and operating in Illinois in violation of, a Cease and Desist Order issued by the Illinois Division of Financial Institutions under its statutory authority in January 2013. The Cease and Desist Order names the Illinois statutes that Square has been found to violate, which includes 205 ILCS 657/§90(h) (a Class 3 felony). Accordingly, this Court has personal

jurisdiction over Square, and venue is proper in this Court under 28 U.S.C. § 1391(c) and/or 1400(b).

## FACTUAL BACKGROUND

5. Square has been aware of the eCharge Patents since at least approximately August 20, 2012, the date of a Notice of Infringement sent to Square on behalf of the eCharge. The Notice of Infringement included infringement claim charts for at least the '005 and '207 patents. The Notice of Infringement further included reference to the published application corresponding to the '875 patent (the '184 Publication). At least claims 13 and 14 of the '875 patent are identical to claims 13 and 14 in the '184 published application. The '875 patent eventually issued on July 23, 2013.

6. Over a period of nearly one year, Square refrained from explaining to eCharge any substantive reason why it might not be subject to infringement liability. In this way, Square resisted eCharge's efforts to ascertain what possible rationale Square might have for resisting reasonable license offers. For example, despite repeated requests, Square never supplied alleged-invalidity claim charts when it raised the issue of hypothetical invalidity. Square finally did purport to deny infringement (for the first time) in a letter dated August 8, 2013, but it did so by relying on claim limitations that do not, in fact, exist. In particular, Square stated:

"Square Wallet provides its users with an extremely high level of protection by allowing users to pay merchants ***without any communication of the user's credit card information*** from the user's mobile device. Moreover, Square's servers do

3

not transmit credit card information to merchants that accept Square Wallet as payment." (Emphasis in original).

Square's pretext thus relied on the absence of transmission of credit card numbers themselves. However, none of the patent claims asserted in the Notice of Infringement contains limitations directed to transmitting users' credit card numbers from the users' mobile devices. In this regard, the patent claims respectively describe transmitting either "account identifying information" or "a signal relating to the information [related to at least one credit card account]," terms that are clearly and unmistakably broader than, and not limited to, credit card numbers themselves. No objectively supportable legal basis or canon of construction exists for construing terms as narrowly as Square purported to do after its one year delay, nor did Square state any claim construction analysis at all. The Square pretext for continuing its infringement was at least reckless in this way. Accordingly, just like Square's continuing to do business in Illinois as a money transmitter in the face of a Cease and Desist Order alleging Square's criminal conduct in doing so, Square's infringement after receipt of the Notice of Infringement has been intentional and willful.

## COUNT I

## PATENT INFRINGEMENT OF THE '005 PATENT

7. eCharge hereby incorporates paragraphs 1-6 above by reference.

8. Square has infringed at least one claim of the '005 patent through, among other activities, making, using (including through testing), offering to sell, and/or selling the Square Wallet application, which in use converts a smart phone (or like device) into a

4

credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Square. Square has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Square has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Square Wallet application, which is not a staple article of commerce capable of substantial noninfringing use.

9. Square's infringement of the '005 patent has been and continues to be willful and deliberate.

10. As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT II

## PATENT INFRINGEMENT OF THE '207 PATENT

11. eCharge hereby incorporates paragraphs 1-10 above by reference.

12. Square has infringed at least one claim of the '207 patent through, among other activities, making, using (including through testing), offering to sell, and/or selling the Square Wallet application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional

products, services and technologies (to be determined in discovery) marketed or used by Square. Square has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Square has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Square Wallet application, which is not a staple article of commerce capable of substantial noninfringing use.

13. Square's infringement of the '207 patent has been and continues to be willful and deliberate.

14. As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT III

### PATENT INFRINGEMENT OF THE '875 PATENT

15. eCharge hereby incorporates paragraphs 1-14 above by reference.

16. Square has infringed at least one claim of the '875 patent through, among other activities, making, using (including through testing), offering to sell, and/or selling the Square Wallet application, which in use converts a smart phone (or like device) into a telephone-and-credit-card system and/or apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery)

marketed or used by Square. Square has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Square has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Square Wallet application, which is not a staple article of commerce capable of substantial noninfringing use.

17. Square's infringement of the '875 patent has been and continues to be willful and deliberate.

18. As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT IV

## INFRINGEMENT OF PROVISIONAL RIGHTS, '875 PATENT

19. eCharge hereby incorporates paragraphs 1-18 above by reference.

20. Square has infringed eCharge's provisional rights in the '875 patent through, among other activities, making, using (including through testing), offering to sell, and/or selling the Square Wallet application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Square. Square has had actual knowledge of such provisional rights,

at least from about August 20, 2012, when Square received notice of the published application containing identical claims 13 and 14 to claims 13 and 14 of the later-issuing '875 patent (all of which Square infringes).

21. Square's infringement of the provisional rights in the '875 patent has been and continues to be willful and deliberate.

22. As a direct and proximate consequence of the infringement, eCharge has been injured in its business and property rights, and has suffered injury and damages for which it is entitled to relief under 35 U.S.C. § 154 adequate to compensate for such infringement, in the form of a reasonable royalty.

* * *

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff eCharge asks this Court to enter judgment against Square and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. An award of damages adequate to compensate eCharge for the infringement that has occurred, together with prejudgment interest from the date infringement of the eCharge Patents began and statutory costs;

B. An award to eCharge of all remedies available under 35 U.S.C. § 284;

C. An award to eCharge of all remedies available under 35 U.S.C. § 285;

D. An award to eCharge of all remedies available under 35 U.S.C. § 154;

E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '005, '207 and '875 patents; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

eCharge demands a trial by jury on all issues so triable.

Dated: September 9, 2013

eCharge Licensing LLC


By: /s/ Robert P. Greenspoon
Robert P. Greenspoon
William W. Flachsbart
FLACHSBART & GREENSPOON, LLC
333 North Michigan Avenue, Ste 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501

**Attorneys for Plaintiff**
**eCharge Licensing LLC**

9